**JUDGE BUCHWALD**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SH MARINE LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

**08 CV 01652**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SH MARINE LTD.,

    Plaintiff,

 - against -

COSCO SHIPYARD GROUP CO., LTD., and
COSCO (DALIAN) SHIPYARD CO., LTD.

    Defendants.
-------------------------------------------------------------X

08 Civ.  ( )

**VERIFIED COMPLAINT**

  Plaintiff, SH Marine Ltd. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendants Cosco Shipyard Group Co., Ltd. ("COSCO SHIPYARD") and Cosco (Dalian) Shipyard Co., Ltd. ("COSCO DALIAN") (collectively "Defendants"), alleges on information and belief as follows:

  1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2.      At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Korea with an office and place of business at Room 621, Chang-Gang B/D 22, Dohwa-Dong, Mapo-Ku, Seoul, 121-763, Korea.

3.      At all material times, COSCO SHIPYARD was and now is a corporation or other business entity organized and existing under the laws of the People's Republic of China with a registered office at Unit B-G, 13/F, International Shipping and Finance Center, 720 Pu Dong Avenue, Shanghai, 200120, China.

4.      At all material times COSCO DALIAN was and now is a corporation or other business entity organized and existing under the laws of the People's Republic of China having a registered address at 80, Zhongyuan Road, Dalian 116113, China.

5.      At all material times, COSCO SHIPYARD and COSCO DALIAN operated in concert as a single entity with a unity of interests and no meaningful corporate separation and/or as partners and/or as alter egos of one another in the execution and receipt of payments for the contracts described herein and by reason of one acting for and on behalf of the other, they both have liability to Plaintiff respecting the contracts described herein.

6.      At all material times, COSCO SHIPYARD acted as the beneficiary, holder and receiver of funds for and on behalf of COSCO DALIAN and, for all practical purposes, acted as the financial department of COSCO DALIAN and intermingled funds of the two companies.

## AS AND FOR PLAINTIFF'S
## <u>FIRST CAUSE OF ACTION</u>

7. Plaintiff repeats and realleges the foregoing paragraphs as if set forth herein at length.

8. By a contract dated April 17, 2006 (but signed on July 3, 2006), Defendants agreed with Plaintiff to perform conversion work and repairs to Plaintiff's vessel M/T CHEM JASMIN.

9. Pursuant to the aforesaid contract Defendants agreed to complete the aforesaid work within a period of sixty-six (66) days failing which Defendants were obligated to pay Plaintiff damages for delay to the vessel.

10. Defendants did not complete the conversion and repair work within the stipulated sixty-six (66) days, but, instead, took an additional 49 days to complete repairs.

11. By reason of the foregoing, Plaintiff has suffered delay damages in the amount of $735,000 together with additional ship management fees of $13,277, additional supervisory fees of $184,219, and additional insurance charges of $31,613 for a subtotal of $964,109 no part of which has been paid although duly demanded.

12. In addition to the foregoing, under Article 10 of the aforesaid contract, Defendants agreed to be responsible for any loss or damage to or in connection with the vessel or its parts.

13. The vessel did suffer damage and loss in breach of the aforesaid clause including damage to heating coils in the estimated amount of $85,000, to the control box in the estimated amount of $20,000, to the vessel's cargo tank coatings in the amount of

$200,000 and certain other miscellaneous damaged items in the estimated amount of $3,490 for a subtotal in the amount of $308,490.

14. By reason of the foregoing premises, Defendants owe Plaintiff the principal sum of $1,272,599 on Plaintiff's First Cause of Action, as best as can presently be calculated, no part of which has been paid although duly demanded.

15. The aforesaid contract is subject to London arbitration and English law pursuant to which legal fees, arbitrators' fees and other costs (collectively "Costs") are recoverable. Plaintiff has demanded arbitration and will seek recovery of Costs in the estimated amount of $300,000.

16. Interest is also recoverable in London arbitration of the principal amount of Plaintiff's claims of $1,272,599 and Plaintiff claims interest at the compound rate of 6% per annum, at three month rests, as is the custom in London arbitration for a period of 3 years or, the amount of $248,943.49.

17. By reason of the foregoing premises, Plaintiff claims a total amount of $1,821,542.49 as and for its First Cause of Action.

## AS AND FOR PLAINTIFF'S
## SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges the previous paragraphs as if set forth herein at length.

19. By a contract dated September 18, 2006, Defendants agreed with Plaintiff to perform conversion work and repairs to Plaintiff's vessel M/T CHEM LILY.

20. Pursuant to the aforesaid contracts Defendants agreed to complete the aforesaid work within a period of sixty-four (64) days failing which Defendants were obligated to pay damages for delay to the vessel.

21. Defendants did not complete the conversion and repair work within the stipulated sixty-four (64) days, but, instead, took an additional 120 days to complete repairs.

22. By reason of the foregoing, Plaintiff has suffered damages for delay in the amount of $1,800,000 together with additional ship management fees of $24,159 and additional insurance charges of $80,000 for a subtotal of $1,904,159, no part of which has been paid although duly demanded.

23. In addition to the foregoing, under Article 10 of the aforesaid contract, Defendants agreed to be responsible for any loss or damage to or in connection with the vessel or its parts.

24. The vessel did suffer damage and loss in breach of the aforesaid clause by reason of a loss of paint and other materials in the estimated amount of $40,000.

25. In addition, Defendants caused the wrongful detention of the vessel when they refused to allow the vessel to sail after completing conversion and repairs from July 11-July 15, 2007. By reason of the foregoing premises, Plaintiff suffered further damages in the estimated amount of $150,000.

26. By reason of the foregoing premises, Defendants owe Plaintiff the principal sum of $2,094,159 on Plaintiff's Second Cause of Action, as best as can presently be calculated, no part of which has been paid although duly demanded.

27. The aforesaid contract is subject to London arbitration and English law pursuant to which legal fees, arbitrators' fees and other costs (collectively "Costs") are recoverable. Plaintiff has demanded arbitration and will seek recovery of Costs in the estimated amount of $300,000.

28. Interest is also recoverable in London arbitration of the principal amount of Plaintiff's claims of $2,094,159 and Plaintiff claims interest at the compound rate of 6% per annum, at three month rests, as is the custom in London and for a period of 3 years or, the amount of $409,655.55.

29. By reason of the foregoing premises, Plaintiff claims a total amount of $2,803,814.55 as and for its Second Cause of Action.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

30. Plaintiff repeats and realleges the previous paragraphs as if set forth herein at length.

31. By a contract dated September 18, 2006, Defendants agreed with Plaintiff to perform conversion work and repairs to Plaintiff's vessel M/T CHEM COSMOS.

32. Pursuant to the aforesaid contract Defendants agreed to complete the aforesaid work within a period of sixty-four (64) days failing which Defendants were obligated to pay Plaintiff damages for delay to the vessel.

33. Defendants did not complete the conversion and repair work within the stipulated sixty-four (64) days, but, instead, took an additional 69 days to complete repairs.

34. By reason of the foregoing, Plaintiff has suffered delay damages in the amount of $1,035,000 together with additional ship management fees of $47,970 and additional insurance charges of $26,452 for a subtotal of $1,109,422, no part of which has been paid although duly demanded.

35. In addition to the foregoing, under Article 10 of the aforesaid contract, Defendants agreed to be responsible for any loss or damage to or in connection with the vessel or its parts.

36. The vessel did suffer damage and loss in breach of the aforesaid clause including damage to heating coils in the estimated amount of $42,500.

37. By reason of the foregoing premises, Defendants owe Plaintiff the principal sum of $1,151,922, as best as can presently be calculated on Plaintiff's Third Cause of Action, no part of which has been paid although duly demanded.

38. The aforesaid contract is subject to London arbitration and English law pursuant to which legal fees, arbitrators' fees and other costs (collectively "Costs") are recoverable. Plaintiff has demanded arbitration and will seek recovery of Costs in the estimated amount of $300,000.

39. Interest is also recoverable in London arbitration of the principal amount of Plaintiff's claims of $1,151,922 and Plaintiff claims interest at the compound rate of 6% per annum, at three month rests, as is the custom in London arbitration for a period of 3 years or, the amount of $225,336.88.

40. By reason of the foregoing premises, Plaintiff claims a total amount of $1,677,258.88 as and for its Third Cause of Action.

## SUMMARY OF CAUSES OF
## ACTION AND REQUEST FOR RELIEF

41.     By reason of the foregoing premises, Plaintiff is owed the total sum of $6,302,615.92 by Defendants on the foregoing three causes of action, none of which is duplicative of the other. In the circumstances, Defendants owe Plaintiff the sum of $6,302,615.92, as best as can presently be calculated, no part of which has been paid although duly demanded.

42.     Defendants cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

    B.     That, since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property owing or otherwise the property of the Defendants up to the amount of $6,302,615.92 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

C. That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
February   , 2008

           NOURSE & BOWLES, LLP
           Attorneys for Plaintiff
           SH MARINE LTD.

By:_____
    Armand M. Paré, Jr. (AP-8575)
    One Exchange Plaza
    At 55 Broadway
    New York, NY 10006-3030
    (212) 952-6200

STATE OF NEW YORK         )
                          ) ss:
COUNTY OF NEW YORK        )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
19th day of February, 2008

_____
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. in Queens Cty; New York City
Commission Expires November 17, 2009