Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANTS
COSCO SHIPYARD GROUP CO., LTD. and
COSCO (DALIAN) SHIPYARD CO., LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SH MARINE LTD.,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>COSCO SHIPYARD GROUP CO., LTD. and<br>COSCO (DALIAN) SHIPYARD CO., LTD.<br><br>　　　　　　Defendants. | 08 Civ. 1652 (NRB)<br><br>**VERIFIED ANSWER**<br>**AND COUNTERCLAIMS** |

　　　　Defendants, COSCO Shipyard Group Co., Ltd., and COSCO (Dalian) Shipyard Co., Ltd. ("Defendants"), by and through their attorneys, Holland & Knight LLP, for their Verified Answer and Counterclaims allege as follows:

　　　　1.　　Admit the allegations contained in paragraph 1 of Plaintiff's Verified Complaint.

　　　　2.　　Deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of Plaintiff's Verified Complaint.

3. Admit that Defendant COSCO Shipyard Group Co., Ltd. is a business entity organized and existing under the laws of the People's Republic of China with offices in China, but deny the remainder of the allegations contained in paragraph 3 of Plaintiff's Verified Complaint.

4. Admit the allegations contained in paragraph 4 of Plaintiff's Verified Complaint.

5. Deny the allegations contained in paragraph 5 of Plaintiff's Verified Complaint.

6. Deny the allegations contained in paragraph 6 of Plaintiff's Verified Complaint.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

7. Defendants repeat and reallege the previous answers as if set forth herein at length.

8. Admit the allegations contained in paragraph 8 of Plaintiff's Verified Complaint.

9. Admit that the repair contract for the CHEM JASMIN based on the initial scope of work called for repairs to be completed within a set period of time failing which Defendant COSCO (Dalian) Shipyard Co., Ltd. could be held liable, but deny remainder of the allegations contained in paragraph 9 of Plaintiff's Verified Complaint.

10. Admit the allegations contained in paragraph 10 of Plaintiff's Verified Complaint.

11. Deny the allegations contained in paragraph 11 of Plaintiff's Verified Complaint.

12. Deny the allegations contained in paragraph 12 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

13. Deny the allegations contained in paragraph 13 of Plaintiff's Verified Complaint.

14. Deny the allegations contained in paragraph 14 of Plaintiff's Verified Complaint.

15. Deny the allegations contained in paragraph 15 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

16. Deny Plaintiff's allegations of liability, and deny knowledge or information sufficient to admit or deny the remainder of the allegations, contained in paragraph 16 of Plaintiff's Verified Complaint.

17. Deny the allegations contained in paragraph 17 of Plaintiff's Verified Complaint.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

18. Defendants repeat and reallege the previous answers as if set forth herein at length.

19. Admit the allegations contained in paragraph 19 of Plaintiff's Verified Complaint.

20. Admit that the repair contract for the CHEM LILY based on the initial scope of work called for repairs to be completed within a set period of time failing which Defendant COSCO (Dalian) Shipyard Co., Ltd. could be held liable, but deny remainder of the allegations contained in paragraph 20 of Plaintiff's Verified Complaint.

21. Admit the allegations contained in paragraph 21 of Plaintiff's Verified Complaint.

22. Deny the allegations contained in paragraph 22 of Plaintiff's Verified Complaint.

23. Deny the allegations contained in paragraph 23 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

24. Deny the allegations contained in paragraph 24 of Plaintiff's Verified Complaint.

25. Admit that Defendant COSCO (Dalian) Shipyard Co., Ltd. asserted its possessory lien on the M/V CHEM LILY while the CHEM LILY was present in its yard in China to secure

payment of an installment payment under the repair contract governing the repair of the CHEM LILY and further admit that the CHEM LILY was allowed to depart after such installment payment was made, but deny the remainder of the allegations contained in paragraph 25 of Plaintiff's Verified Complaint.

26. Deny the allegations contained in paragraph 26 of Plaintiff's Verified Complaint.

27. Deny the allegations contained in paragraph 27 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

28. Deny Plaintiff's allegations of liability, and deny knowledge or information sufficient to admit or deny the remainder of the allegations, contained in paragraph 28 of Plaintiff's Verified Complaint.

29. Deny the allegations contained in paragraph 29 of Plaintiff's Verified Complaint.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION**

30. Defendants repeat and reallege the previous answers as if set forth herein at length.

31. Admit the allegations contained in paragraph 31 of Plaintiff's Verified Complaint.

32. Admit that the repair contract for the CHEM COSMOS based on the initial scope of work called for repairs to be completed within a set period of time failing which Defendant COSCO (Dalian) Shipyard Co., Ltd. could be held liable, but deny remainder of the allegations contained in paragraph 32 of Plaintiff's Verified Complaint.

33. Admit the allegations contained in paragraph 33 of Plaintiff's Verified Complaint.

34. Deny the allegations contained in paragraph 34 of Plaintiff's Verified Complaint.

35. Deny the allegations contained in paragraph 35 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

36. Deny the allegations contained in paragraph 36 of Plaintiff's Verified Complaint.

37. Deny the allegations contained in paragraph 37 of Plaintiff's Verified Complaint.

38. Deny the allegations contained in paragraph 38 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

39. Deny Plaintiff's allegations of liability, and deny knowledge or information sufficient to admit or deny the remainder of the allegations, contained in paragraph 39 of Plaintiff's Verified Complaint.

40. Deny the allegations contained in paragraph 40 of Plaintiff's Verified Complaint.

### SUMMARY OF CAUSES OF ACTION AND REQUEST FOR RELIEF

41. Deny the allegations contained in paragraph 41 of Plaintiff's Verified Complaint.

42. Admit that garnishee banks in this District have attached monies in connection with this action, but deny the remainder of the allegations contained in paragraph 42 of Plaintiff's Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANTS STATE:

1. The Verified Complaint fails to state a cause of action upon which relief may be granted.

2. This Courts lack personal jurisdiction over one or both Defendants.

3. This Court lacks *quasi in rem* jurisdiction over one or both Defendants.

4. Plaintiff has improperly and/or insufficiently served process on Defendants.

5. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

6. Plaintiff's claims are barred or reduced by the doctrine of setoff.

7. Plaintiff is liable of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

8. Plaintiff's claims are overstated in the level of security sought from and provided by one or both Defendants and should be reduced to a reasonable sum.

9. Plaintiff has failed to mitigate its damages.

10. This Verified Answer and Counterclaim is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## COUNTERCLAIMS

As for its Counterclaim against Plaintiff, Defendant COSCO (Dalian) Shipyard Co. ("COSCO (Dalian)") alleges as follows:

1. COSCO (Dalian)'s Counterclaims arise under the repair contracts for the M/V CHEM LILY and M/V CHEM COSMOS referenced in paragraphs "19" and "31" of the Verified Complaint, respectively, which are discussed in turn below.

## CHEM LILY

2. In the case of the M/V CHEM LILY, COSCO (Dalian) provided the repairs contemplated in the parties' repair contract then invoiced Plaintiff for the repairs. That invoice, a copy of which is annexed as Exhibit 1, was for the amount of $6,400,000.00 and was endorsed as "Approved" by the Plaintiff's superintendent, Mr. Bruce Kang.

3. The CHEM LILY work was to be paid off in a series of installments. The last two installment in the amounts of $500,000.00 and $1,950,000.00 were due on November 24, 2007 and January 15, 2008, respectively. Neither of these installments in the collective amount of $2,450,000.00 have been paid, although duly demanded.

4. In addition to the principal amount of its claim, COSCO (Dalian) expects to incur $300,000.00 in legal costs and expenses in London arbitration and for interest in the amount of $441,000.00 ($2.45 million x 6% x 3 years) to accrue pending a result in London arbitration.

5. COSCO (Dalian)'s cumulative counterclaim against Plaintiff with regard to the CHEM LILY, therefore, totals $3,191,000.00, as best as can be presently determined.

## CHEM COSMOS

6. In the case of the M/V CHEM COSMOS, COSCO (Dalian) provided the repairs contemplated in the parties' repair contract then invoiced Plaintiff for the repairs. That invoice, a copy of which is annexed as Exhibit 2, was for the amount of $4,500,000.00 and was endorsed as "Approved" by the Plaintiff's superintendent, Mr. Bruce Kang.

7. The CHEM COSMOS work was to be paid off in a series of installments. The last two installments in the amounts of $500,000.00 and $1,700,000.00 were due on November

24, 2007 and January 6, 2008, respectively. Neither of these installments in the collective amount of $2,200,000.00 have been paid, although duly demanded.

8.  In addition to the principal amount of its claim, COSCO (Dalian) expects to incur $300,000.00 in legal costs and expenses in London arbitration and for interest in the amount of $396,000.00 ($2.2 million x 6% x 3 years) to accrue pending a result in London arbitration.

9.  COSCO (Dalian)'s cumulative counterclaim against Plaintiff with regard to the CHEM COSMOS, therefore, totals $2,896,000.00, as best as can be presently determined.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants COSCO Shipyard Group Co., Ltd., and COSCO (Dalian) Shipyard Co., Ltd. respectfully request:

1.  That this Court dismiss the Plaintiff's Verified Complaint against the Defendants with prejudice;

2.  That this Court cite Plaintiff to answer under oath all allegations in Defendant COSCO (Dalian)'s counterclaims;

3.  That pursuant to the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, this Court issue an Order directing Plaintiff to post counter-security in the sum of US$6,087,000.00, failing which: (a) Plaintiff be enjoined from prosecuting its claims against Defendants here, in the London arbitration, or any other venue; and/or (b) Plaintiff's attachment of any and all of Defendants' property attached in this action pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions immediately be vacated;

4. That upon the posting of Plaintiff's counter-security in the sum of US$6,087,000.00, that this matter be placed on the suspense calendar pending arbitration in London, and that this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

5. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the counterclaims set forth herein as a Judgment of this Court; and

6. That this Court grant Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 30, 2008

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola
Christopher R. Nolan
195 Broadway
New York, NY 10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010

*Attorneys for Defendants*
*COSCO Shipyard Group Co., Ltd. and*
*COSCO (Dalian) Shipyard Co., Ltd.*

## VERIFICATION

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for COSCO Shipyard Group Co., Ltd. and COSCO (Dalian) Shipyard Co., Ltd. ("Defendants"), defendants in the foregoing action. I have read the foregoing Verified Answer and Counterclaims and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Defendants and corresponded with Defendants' representatives regarding this matter. I am authorized by Defendants to make this verification, and the reason for my making it as opposed to an officer or director of Defendants is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
30th day of April, 2008

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 5305395_v1

EXHIBIT 1



# COSCO (DALIAN) SHIPYARD CO., LTD.

80, Zhongyuan Road,  Tel: +86-411-876123320
Dalian, China  Fax: +86-411-87602681

## INVOICE

Date: 2007-7-13

Ship Owners: **SH MARINE LTD**
Ship Management: **STX POS SHIP MANAGEMENT**

MV: CHEM LILY    Drydock and Repairs

| Repair Items | Gross Prices | Net Prices | |
|---|---|---|---|
| 1. Service Charge | | US$ | 400,000 |
| 2. Hull Steel Works | | US$ | 2,250,000 |
| 3. Dock fitter Works | | US$ | 15,000 |
| 4. Engine Works | | US$ | 2,100,000 |
| 5. Painting Works | | US$ | 1,401,000 |
| 6. Electric Works | | US$ | 234,000 |
| Discount Rate for Gross Items | | | |
| Net Total After Discount | US$0 | US$ | 6,400,000 |
| Grand Net Total | US$ | | 6,400,000 |
| Final payable total amount | US$ | | 6,400,000 |

Beneficiary: COSCO Shipyard Group Co. Ltd
Bank address: Economic & Technical Development Zone Dalian, China
Beneficiary's Bank: Bank of China Dalian Development Zone Branch
Beneficiary's Address: 80, Zhongyuan Road, Dalian, China
Swift Code: BKCHCNBJ82H
Beneficiary Account No.: 80152207880809101402

Issued by Mr.    Approved by
Title: Project Manager Business Dept I    Title: Bruce Kang

# EXHIBIT 2

# COSCO (DALIAN) SHIPYARD CO., LTD.

80, Zhongyuan Road,  Tel: ++86-411-87612320
Dalian, China  Fax: +86-411-87602681

# INVOICE

Date: 2007-7-13

Ship Owners: SH MARINE LTD
Ship Management: V.Ship UK Limited

MV : CHEM COSMOS    Drydock and Repairs

| Repair Items | Gross Prices | Net Prices |
|---|---|---|
| 1. Service Charge | | US$ 249,001 |
| 2. Hull Steel Works | | US$ 2,050,000 |
| 4. Dock fitter Works | | US$ 21,000 |
| 3. Engine Works | | US$ 1,150,000 |
| 5. Painting Works | | US$ 960,000 |
| 1. Electric Works | | US$ 70,000 |
| Discount Rate for Gross Items | | |
| Net Total After Discount | US$0 | US$ 4,500,000 |
| Grand Net Total | | US$ 4,500,000 |
| Final payable total amount | | US$ 4,500,000 |

Beneficiary: COSCO Shipyard Group Co., Ltd
Bank address: Economic & Technical Development Zone Dalian, China
Beneficiary's Bank: Bank of China Dalian Development Zone Branch
Beneficiary's Address: 80, Zhongyuan Road, Dalian, China
Swift Code: BKCHCNBJ82H
Beneficiary Account No.: 801520788809101402

Issued by Mr.   Approved by
Title: Project Manager Business Dept I   Title: Bruce Kang

